UNITED STATES DISTRICT COURT

IN THE EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

BUTLER PROPCO, LLC,
a Delaware limited liability company,

       Plaintiff,

v.

CJ AUTOMOTIVE INDIANA, LLC,
an Indiana limited liability company,

       Defendant.

Case No. 2:21-cv-12013-MAG-EAS
Hon. Mark A. Goldsmith
Mag. Elizabeth A. Stafford

_____/

PLUNKETT COONEY
Matthew J. Boettcher (P40929)
Attorneys for Plaintiff
38505 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
(248) 901-4035
mboettcher@plunkettcooney.com

PAESANO AKKASHIAN
APKARIAN, P.C.
Brian M. Akkashian (P55544)
Anthony R. Paesano (P60173)
Alec M. Torigian (P81909)
Attorneys for Defendant
7457 Franklin Road, Ste. 200
Bloomfield Hills, Michigan 48301
(248) 792-6886
bakkashian@paalawfirm.com
apaesano@paalawfirm.com

_____/

# CJ AUTOMOTIVE INDIANA, LLC'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendant CJ Automotive Indiana, LLC ("CJ") respectfully requests that this Court dismiss Plaintiff Butler Propco, LLC's ("Butler") claims, in their entirety, pursuant to Fed. R. Civ. P. 12(b)(6). Undersigned counsel certifies that counsel

personally spoke to opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; opposing counsel expressly denied concurrence.

LOCAL RULE CERTIFICATION: I, Brian M. Akkashian, certify that this document complies with Local Rule 5.1 (a), including: double-spaced (except for quoted materials and footnotes); at least on-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

PAESANO AKKASHIAN APKARIAN, P.C.

By: */s/ Brian M. Akkashian*

Brian M. Akkashian (P55544)
Anthony R. Paesano (P60173)
Alec M. Torigian (P81909)
7457 Franklin Road, Ste. 200
Bloomfield Hills, Michigan 48301
(248) 792-6886
bakkashian@paalawfirm.com
apaesano@paalawfirm.com
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

IN THE EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

BUTLER PROPCO, LLC,
a Delaware limited liability company,

    Plaintiff,

v.

CJ AUTOMOTIVE INDIANA, LLC,
an Indiana limited liability company,

    Defendant.

Case No. 2:21-cv-12013-MAG-EAS
Hon. Mark A. Goldsmith
Mag. Elizabeth A. Stafford

_____/

| PLUNKETT COONEY | PAESANO AKKASHIAN APKARIAN, P.C. |
|---|---|
| Matthew J. Boettcher (P40929) | Brian M. Akkashian (P55544) |
| Attorneys for Plaintiff | Anthony R. Paesano (P60173) |
| 38505 Woodward Ave., Ste. 100 | Alec M. Torigian (P81909) |
| Bloomfield Hills, MI 48304 | Attorneys for Defendant |
| (248) 901-4035 | 7457 Franklin Road, Ste. 200 |
| mboettcher@plunkettcooney.com | Bloomfield Hills, Michigan 48301 |
| | (248) 792-6886 |
| | bakkashian@paalawfirm.com |
| | apaesano@paalawfirm.com |

_____/

**BRIEF IN SUPPORT OF CJ AUTOMOTIVE INDIANA, LLC'S MOTION
<u>TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)</u>**

## **STATEMENT OF ISSUES PRESENTED**

1. Whether Butler's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because the Contract of Purchase and Sale of property automatically terminated as of August 6, 2021.

   **CJ answers: Yes**

   **Butler presumably answers: No**

2. Whether Butler's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because there was never a meeting of the minds regarding sale of the property.

   **CJ answers: Yes**

   **Butler presumably answers: No**

3. Whether Butler's claims should be dismissed because Butler engaged in the first material breach of contract.

   **CJ answers: Yes**

   **Butler presumably answers: No**

4. Whether Butler's claims that CJ breached the Contract by secretly entering into a mortgage should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because the Contract was signed nearly a year after the mortgage.

   **CJ answers: Yes**

   **Butler presumably answers: No**

# CONTROLLING AUTHORITIES

## Cases

*Chaness & Simon, P.C., v. Simon*, 241 F. Supp. 2d 774, 777 (E.D. Mich. 2003).....5

*Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) ......5,6

*Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) ........................................5

*Kreipke v. Wayne State Univ.*, 807 F.3d 768 (6th Cir. 2015) ................................5,6

*Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) ........................................5

*Murphy v. Sofamor Danek Group* (*In re Sofamor Danek Group*), 123 F.3d 394, 400 (6th Cir. 1997)..................................................................................................................5

*Orthodontic Affiliates, P.C. v. Long*, 841 N.E.2d 219, 222 (Ind. Ct. App. 2006).....6

*Mortgage Credit Serv., Inc. v. Equifax Credit Info. Serv., Inc.,* 766 N.E.2d 810, 813 (Ind. Ct. App. 2002) .......................................................................................................6

*Barker v. Price*, 48 N.E.3d 367, 370 (Ind. Ct. App. 2015).........................................6

John M. Abbott, LLC v. Lake City Bank, 14 N.E.3d 53, 56 (Ind. Ct. App. 2014) .6,7

*Claire's Boutiques, Inc. v. Brownsburg Station Partners LLC*, 997 N.E.2d 1093, 1098 (Ind. Ct. App. 2013) .........................................................................................7

*Perrill v. Perrill*, 126 N.E.3d 834, 837 (Ind. Ct. App. 2019) ....................................7

*Ochoa v. Ford*, 641 N.E.2d 1042 (Ind. Ct. App. 1994)............................................7

Bain *v. Bd. of Tr. of Starke Memorial*, Ind. App., 550 N.E.2d 106, 110 (Ind. Ct. App. 1990) ...........................................................................................................................7

*Olsson v. Moore*, 590 N.E.2d 160, 162 (Ind. Ct. App. 1992) ..................................7

*Licocci v. Cardinal Associates, Inc.*, 492 N.E.2d 48 (Ind. Ct. App. 1986) .............10

*Bank of N.Y. v. Nally*, 820 N.E.2d 644, 648 (Ind. 2005) .........................................11

*State ex rel. Lowry v. Davis*, 96 Ind. 539, 544 (1884).............................................11

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................5,11

I.      **INTRODUCTION**

Plaintiff Butler Propco, LLC ("Butler") brought this action against Defendant CJ Automotive Indiana, LLC ("CJ") seeking enforcement of a Contract of Purchase and Sale of property dated June 25, 2021 (hereinafter the "Contract"). **Exhibit A**, Butler's Complaint.[1] Butler's Complaint includes three claims – declaratory relief, specific performance regarding sale of the subject real property located in Butler, Indiana (hereinafter referred to as the "Property"), and breach of contract. **Exhibit A**. All of Butler's claims should be dismissed, in their entirety.

First, the Contract terminated by its terms due to Butler's failure to deliver the notice required pursuant to section 5.2.  Second, Butler's Complaint and the exhibits thereto confirm that the parties did not reach a meeting of the minds on numerous material terms, *including the purchase price*, and that the agreed closing date of August 16, 2021 came and went without agreement or any further extension of the closing date.  Third, Butler breached the Contract by failing to pay both a $50,000 earnest money deposit within one day after the end of the Inspection Period and an additional $50,000 fee to extend the closing date.  Fourth, Butler's allegation of a "secret" mortgage given by CJ after the Contract was signed is demonstrably false.

---

[1] The Contract is Exhibit A to Butler's Complaint.

The mortgage was not given by CJ in July of *2021*, as alleged by Butler, but in July of *2020* (recorded in August of 2020), nearly a year before the Contract was signed. Butler's claims should be dismissed.

## II. STATEMENT OF FACTS

On June 25, 2021, the parties signed the Contract but, by Butler's own admission, numerous material terms remained unresolved including, but not limited to, purchase price, title commitment, survey, and inspection issues. **Exhibit A**, ¶¶12, 21, 23, 28-29, and 31.

Pursuant to the Contract, Butler was permitted a 30-day "Inspection Period." **Exhibit A**, ¶20, Contract, p. 4, Section 5.1. On July 26, 2021, the parties executed a First Amendment to the Contract of Purchase and Sale (the "First Amendment"),[2] which extended the Inspection Period until August 6, 2021 and the closing date to August 16, 2021. **Exhibit A**, ¶¶20, 23, First Amendment, p. 1, Section 2. The Inspection Period provided Butler time to "examine the Title Policy, Title Commitment, Exception Documents, Existing Surveys, Submission matters, other documents and other items and the Property (collectively, the 'Due Diligence Items')." Contract, p. 4, Section 5.1. Regarding the Inspection Period, Section 5.2 of the Contract states:

---

[2] The First Amendment is Exhibit C to Butler's Complaint.

> If Purchaser determines at any time prior to the expiration of the Inspection Period that the Property is not satisfactory to Purchaser for any reason or for no reason whatsoever in Purchaser's sole and absolute discretion, then purchaser may terminate this Contract be delivering written notice of termination to Seller prior to the end of such Inspection Period. If Purchaser properly terminates this Contract pursuant to this Section 5.2, then this Contract shall be terminated, the Title Company shall return the Earnest Money Deposit to Purchaser upon the unilateral direction of Purchaser and notwithstanding any contrary direction from Seller, and neither party shall have any further rights, duties or obligations hereunder except with respect to the provisions of this Contract which expressly survive the termination of this Contract.  ***If Purchaser does not timely deliver to Seller written notice of termination during the Inspection Period, the conditions of this Section 5.2 shall not be deemed satisfied, and Purchaser shall be deemed to terminate this Contract pursuant to this Section 5.2.***

Contract, § 5.2.  Emphasis added.

It is undisputed that Butler failed to deliver the notice required by section 5.2 and Butler does not allege otherwise in its Complaint.  Pursuant to the clear and unambiguous language of section 5.2, Butler's failure to deliver the required notice resulted in automatic termination of the Contract.

Moreover, after the Contract was signed, during the Inspection Period and up to and including the scheduled closing date, the parties were, by Butler's own admission, still negotiating material terms including, but not limited to, purchase price, title commitment, survey, and inspection issues. **Exhibit A**, ¶¶12, 21, 23, 28-29, and 31; Exhibits B, E, F to Butler's Complaint.  In the absence of a meeting of

the minds on material terms, there is no valid and enforceable contract and CJ is under no obligation to sell the Property to Butler.

The Contract required Butler to pay an additional $50,000 in earnest money within one business day after close of the Inspection Period. Contract, §3.1. Butler failed to do so. The Contract also required Butler to pay another $50,000 extension fee to extend the closing date. Contract, §8.1(a). Butler did not pay either amount and its failure to do so constitutes breach of the Contract which relieves CJ of any performance obligation.

Butler further alleges that CJ breached the Contract when it allegedly obtained a "secret" mortgage on July 21, *2021*.[3] **Exhibit A**, ¶39. Butler's allegations are wrong. The mortgage is dated July 21, 2020 and was recorded on August 11, 2020, almost a year before the Contract was signed. The mortgage was recorded and a matter of public record almost a year prior to execution of the Contract, it was in no way secret and its existence does not constitute a breach of contract. Butler's claims should be dismissed.

---

[3] The mortgage is Exhibit G to Butler's Complaint.

4

### III. LEGAL ARGUMENT

#### A. Legal Standard

A motion to dismiss is appropriate under Fed. R. Civ. P. 12(b)(6) when a party fails "to state a claim upon which relief can be granted." Rule 12(b)(6) affords a defendant an opportunity to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. See *Chaness & Simon, P.C., v. Simon*, 241 F. Supp. 2d 774, 777 (E.D. Mich. 2003). On a Rule 12(b)(6) motion, factual allegations in the complaint are assumed to be true and the complaint is construed in the light most favorable to the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). In construing the complaint in the light most favorable to the non-moving party, the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences. *Murphy v. Sofamor Danek Group* (*In re Sofamor Danek Group*), 123 F.3d 394, 400 (6th Cir. 1997).

"When a court is presented with a Rule 12(b)(6) motion, it may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*,

5

259 F.3d 493, 502 (6th Cir. 2001)); *see also Kreipke v. Wayne State Univ.*, 807 F.3d 768 (6th Cir. 2015).

### B. Butler's Claims Should Be Dismissed Because the Contract Automatically Terminated

"The termination or cancellation of a contract differs from a breach of contract. When a contract is terminated, neither party owes any further duties or obligations to the other." *Orthodontic Affiliates, P.C. v. Long*, 841 N.E.2d 219, 222 (Ind. Ct. App. 2006) (citing *Mortgage Credit Serv., Inc. v. Equifax Credit Info. Serv., Inc.,* 766 N.E.2d 810, 813 (Ind. Ct. App. 2002)).[4]

Pursuant to Section 5.2, "[i]f Purchaser does not timely deliver to Seller written notice of termination during the Inspection Period, the conditions of this Section 5.2 shall not be deemed satisfied, and Purchaser shall be deemed to terminate this Contract pursuant to this Section 5.2." Contract, p. 5, Section 5.2. "Interpretational and construction of contract provisions are questions of law." *Barker v. Price*, 48 N.E.3d 367, 370 (Ind. Ct. App. 2015) (citing *John M. Abbott, LLC v. Lake City Bank*, 14 N.E.3d 53, 56 (Ind. Ct. App. 2014)). "Where terms of a contract are clear and unambiguous, [courts] will apply the plain and ordinary meaning of the terms and enforce the contract according to its terms." *John M.*

---

[4] Pursuant to Section 13.2 of the Contract, the Laws of the State of Indiana govern construction, enforcement, and interpretation of the Contract.

*Abbott, LLC*, 14 N.E.3d at 56 (citing *Claire's Boutiques, Inc. v. Brownsburg Station Partners LLC*, 997 N.E.2d 1093, 1098 (Ind. Ct. App. 2013)).

Butler may not maintain a contract claim, because the Contract terminated by its clear and unambiguous terms on August 6, 2021, when Butler failed to provide the required written notice. Butler's allegations that section 5.2 exists "solely for Plaintiff's benefit" (**Exhibit A**, ¶46), and that "Nothing in ¶5.2 permits Defendant to terminate the Contract" (**Exhibit A**, ¶47) are both misleading and irrelevant. Section 5.2 states that, if Butler fails to deliver the required notice, then ***Butler*** shall be deemed to terminate the Contract. That is what happened. CJ owes no further duties or obligations to Butler and Butler's claims should be dismissed in their entirety.

### C. There Was Never a Meeting of the Minds on the Contract as Material Terms Had Not Yet Been Negotiated and Agreed

There must be mutual assent or a meeting of the minds on all essential elements or terms in order to form a binding contract. *Perrill v. Perrill*, 126 N.E.3d 834, 837 (Ind. Ct. App. 2019). "A meeting of the minds of the contracting parties, having the same intent, is essential to the formation of a contract." *Ochoa v. Ford*, 641 N.E.2d 1042 (Ind. Ct. App. 1994) (citing Bain *v. Bd. of Tr. of Starke Memorial*, Ind. App., 550 N.E.2d 106, 110 (Ind. Ct. App. 1990)). "The failure to demonstrate agreement on essential terms of a purported contract negates mutual assent and hence there is no contract." *Id.* (citing *Olsson v. Moore*, 590 N.E.2d 160, 162 (Ind. Ct. App. 1992).

Here, there is no valid and enforceable agreement between the parties because there was not a meeting of the minds and the parties never reached agreement on essential contractual terms. In addition to the items set forth and admitted in Butler's Complaint (e.g., paragraphs 12, 21, 23, 28-29, and 31), Butler's counsel sent a letter to CJ dated July 26, 2021, one month after the Contract was signed, setting forth eleven (11) specific objections to the June 21, 2021 Commitment for Title Insurance (the "Commitment") along with a demand for numerous endorsements with respect to access, tax parcel, mineral rights, owner's comprehensive, contiguity, no wet signature, location and environmental lien. July 26, 2021 Letter, Exhibit B to Butler's Complaint. These issues were never resolved.

On August 16, 2021, *which was the closing date referenced in the Contract*, Butler representative Jonathan Fine sent an extensive email to CJ's President, Ray Bomya, addressing alleged issues with the Property's roof. See August 16, 2021 email, Exhibit E to Butler's Complaint. The email demands that CJ bear the cost to repair or replace the roof of between $300,000 and $1 million. The email further states that a vendor was traveling from North Carolina on August 17, 2021 (the day after the scheduled closing) to review the roof and provide a cost estimate. The roof issue is not covered by the Contract, and, as of the scheduled closing date of August 16, 2021, the parties had not reached a "meeting of the minds" with respect to the

roof or, by extension, the overall purchase price for the Property, which is clearly a material term.

In addition to the roof, the August 16, 2021 email referenced additional "legal issues," such as "neighboring easements," but indicated that Butler was willing to resolve those issues post-closing. Notwithstanding Butler's purported willingness to address certain issues post-closing, **CJ** never indicated such a willingness and there remained material issues regarding which the parties had not agreed as of the scheduled closing date.

Mr. Fine sent a second email on August 16, 2021 (Exhibit F to Butler's Complaint), reiterating Butler's alleged intention to compete the sale but further stating that Butler could "come to a solution that works for you" and suggesting that the parties have a call on August 17, 2021. This email further confirms that the parties had not reached agreement on material terms as of the scheduled closing date of August 16, 2021.

In summary, numerous material terms of the parties' agreement remained unresolved as of August 16, 2021, the sale did not close on August 16, 2021 and no further extension of the closing date beyond August 16, 2021 was discussed or agreed to by the parties. CJ has no obligations under the Contract and Butler's claims should be dismissed.

9

### D. Butler Breached the Contract

The Inspection Period ended on August 6, 2021 pursuant to the Contract and section 2 of the First Amendment. The Contract required Butler to pay an additional $50,000 in earnest money within one business day after close of the Inspection Period. Contract, §3.1. Butler failed to do so. The First Amendment also extended the closing date from fifteen (15) days after the end of the Inspection Period to August 16, 2021. The Contract allows for extension of the closing date, but provides that such extension required Butler to pay an additional $50,000 in earnest money, which Butler never paid. Contract, ¶8.1(a).

"A party first guilty of a substantial or material breach of contract cannot complain if the other party thereafter refuses to perform . . . where a contract is not performed the party is guilty of the first breach is generally the one upon whom rests all the liability for the nonperformance." *Licocci v. Cardinal Associates, Inc.*, 492 N.E.2d 48 (Ind. Ct. App. 1986). Butler's failure to pay the additional earnest money or the extension fee relieved CJ of any further obligation under the Contract. Butler's claims should be dismissed.

### E. The Mortgage

Butler's Complaint alleges that CJ obtained a "secret" mortgage on the Property in July of *2021* and, as a result, CJ was unable to close the sale of the Property. Exhibit A, ¶¶39-40. This is simply wrong. The mortgage is dated July 21,

10

*2020* and was recorded in the public record on August 11, 2020, almost a year before the Contract was signed. Butler's allegation that the mortgage was obtained in 2021, after the Contract was signed, is inaccurate. **Exhibit A**, ¶39.

A purchaser is presumed to have notice of a recorded mortgage. "A mortgage provides constructive notice to subsequent purchasers when it is properly acknowledged and recorded." *Bank of N.Y. v. Nally*, 820 N.E.2d 644, 648 (Ind. 2005). "It is well settled that the purchaser of real estate is presumed to have examined the records of the deeds, necessary to make out his claim of title, and under which he claims, and is bound by the recitals in such deeds showing encumbrances, or the non-payment of purchase-money." *State ex rel. Lowry v. Davis*, 96 Ind. 539, 544 (1884). Butler is charged with constructive notice of the mortgage and any claim based on the mortgage should be dismissed.

### IV.     CONCLUSION

CJ respectfully requests that this Court dismiss Butler's claims, in their entirety, pursuant to Fed. R. Civ. P. 12(b)(6) as Butler has failed to state a claim upon which relief can be granted.

12

        PAESANO AKKASHIAN
        APKARIAN, P.C.


        By: */s/ Brian M. Akkashian*

        Brian M. Akkashian (P55544)
        Anthony R. Paesano (P60173)
        Alec M. Torigian (P81909)
        7457 Franklin Road, Ste. 200
        Bloomfield Hills, Michigan 48301
        (248) 792-6886
        bakkashian@paalawfirm.com
        apaesano@paalawfirm.com
        *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF Efile and Serve system which will send notification of such filing to all registered counsel.

PAESANO AKKASHIAN
APKARIAN, P.C.


By: */s/ Brian M. Akkashian*


Brian M. Akkashian (P55544)
Anthony R. Paesano (P60173)
Alec M. Torigian (P81909)
7457 Franklin Road, Ste. 200
Bloomfield Hills, Michigan 48301
(248) 792-6886
bakkashian@paalawfirm.com
apaesano@paalawfirm.com
*Attorneys for Defendant*

13